IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 DEC 30 A 11: 37

| | | |
|---|---|---|
| WINGATE INNS INTERATIONAL, INC., a Delaware Corporation | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:21-cv-19809 |
| UNIVERSAL HOSPITALITY SOLUTIONS, LLC, an Arizona limited liability company; And SCOTT NADEL, an individual | § § § § § | |
| Defendants. | § § | |

## DEFENDANT SCOTT NADEL'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Scott Nadel, a Defendant ("Defendant"), in the above-styled and numbered Civil Action (the "Civil Acton") filed by Wingate Inns International, Inc. (the "Plaintiff" and files this his *Original Answer to Plaintiff's Original Complaint* (respectively, the "Answer" and the "Complaint"). In support thereof, Defendants would show unto the Court as follows:

### I.   PARTIES, JURISDICTION, AND VENUE

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegation in Paragraph 3 of the Complaint.

4. Defendant admits the allegation in Paragraph 4 of the Complaint.

5. Defendant admits the allegation in Paragraph 5 of the Complaint.

6. Defendant admits the allegation in Paragraph 6 of the Complaint.

7. Defendant admits the allegation in Paragraph 7 of the Complaint

8. Defendant admits the allegation in Paragraph 8 of the Complaint.

## II. ALLEGATIONS AS TO ALL COUNTS

9. Defendant admits the allegation in Paragraph 9 of the Complaint.

10. Defendant admits the allegation in Paragraph 10 of the Complaint.

11. Defendant admits the allegation in Paragraph 11 of the Complaint.

12. Defendant admits the allegation in Paragraph 12 of the Complaint.

13. Defendant admits the allegation in Paragraph 13 of the Complaint.

14. Defendant admits the allegation in Paragraph 14 of the Complaint.

15. Defendant admits the allegation in Paragraph 15 of the Complaint.

16. Defendant admits the allegation in Paragraph 16 of the Complaint.

17. Defendant admits the allegation in Paragraph 17 of the Complaint.

18. Defendant admits the allegation in Paragraph 18 of the Complaint.

19. Defendant admits the allegation in Paragraph 19 of the Complaint.

## III. DEFENDANT'S ALLEGED DEFAULTS

20. Defendant can neither admit nor deny the allegation in Paragraph 20 of the Complaint concerning UHS's alleged failure to pay Recurring Fees to Plaintiff , thereby breaching the Franchise Agreement.

21. Defendant admits the allegation in Paragraph 21 of the Complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

22. Defendant admits the allegation in Paragraph 22 of the complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

23. Defendant admits the allegation in Paragraph 23 of the Complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

24. Defendant admits the allegation in Paragraph 21 of the Complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

25. Defendant admits the allegation in Paragraph 25 of the Complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

26. Defendant admits the allegation in Paragraph 26 of the Complaint. Defendant denies, however, that the amount claimed outstanding was merely invoiced and was not supported by any evidence or audit results. As such the amount claimed due and owing is based on supposition.

27. Defendant can neither admit nor deny the allegation in Paragraph 27 of the Complaint because the total amount of Recurring Fees claimed to be due and owing are based solely on the supposition of the Plaintiff as to the gross room revenues earned by UHS, and are

not based in any reporting by UHS, nor any audit performed by the Plaintiff pursuant to the Franchise Agreement.

### IV.   CAUSES OF ACTION

#### *Count 1*

28.   Defendant denies the allegation in Paragraph 28 of the Complaint to the extent of its denials articulated heretofore.

29.   Defendant denies the allegation in Paragraph 29 of the Complaint with regard to UHS's agreement to allow the Plaintiff to examine and audit UHS's financial information, but denies the allegation that UHS allowed Plaintiff to make copies of such financial information as stated *supra*.

30.   Defendant denies the allegation in Paragraph 30 of the Complaint that Plaintiff's monetary claims in the instant suit are based on gross room revenue information supplied by UHS to Plaintiff, but rather they are based solely on estimates of gross room revenue. Such estimates are believed to be inaccurate, and as such, overstate any monies allegedly due and owing to Plaintiff.

31.   Defendant can neither admit nor deny the allegation in Paragraph 31 of the Complaint concerning Plaintiff's inability to ascertain the accuracy of its estimate of gross room revenue.

Defendant is not required to admit or deny any allegation in the unnumbered Paragraph related to its demand for an accounting of revenues, but denies that it is entitled to any such accounting as it may relate to the marketing, promotion, or selling of guest lodging services from the inception of the Franchise Agreement to the date of any judgment.

#### *Count 2*

32. Defendant denies the allegation in Paragraph 32 of the Complaint to the extent of its denials articulated heretofore.

33. Defendant denies the allegation in Paragraph 33 of the Complaint concerning UHS's obligation to remit Recurring Fees.

34. Defendant denies the allegation in Paragraph 34 of the Complaint to the extent that the amount claimed as due and owing is inaccurate, is based solely on estimates unrooted in any evidence based on actual reporting by UHS or on any audit performed by Plaintiff.

35. Defendant denies the allegation in Paragraph 35 of the Complaint to the extent that any amount purportedly due and owing is not accurately calculated and is thus unknown.

Defendant denies the allegation in the unnumbered Paragraph related to its demand for $275,720.99 as due and owing because that claim is based only on an inaccurate estimate of gross room revenues, and is not supported by any audit of UHS's financial information that is supposed to be performed pursuant to the terms of the Franchise Agreement. As such, any demand for interest, attorney's fees, and costs of suit are presumptuous and similarly inappropriate.

### *Count 3*

36. Defendant denies the allegation in Paragraph 36 of the Complaint to the extent of its denials articulated heretofore.

37. Defendant denies the allegations in Paragraph 37 of the Complaint for reasons articulated *supra*.

38. Defendant denies the allegation in Paragraph 38 of the Complaint that UHS has been unjustly enriched and that Plaintiff has been damaged since Plaintiff has failed to conduct any audit of UHS's records pursuant to the terms of the Franchise Agreement.

Defendant denies the allegation in the unnumbered Paragraph related to its demand for $275,720.99 as due and owing because that claim is based only on an inaccurate estimate of gross room revenues, and is not supported by any audit of UHS's financial information that is supposed to be performed pursuant to the terms of the Franchise Agreement. As such, any demand for interest, attorney's fees, and costs of suit are presumptuous and similarly inappropriate.

### *Count 4*

39. Defendant denies the allegation in Paragraph 39 of the Complaint to the extent of its denials articulated heretofore.

40. Defendant denie the allegation in Paragraph 40 of the Complaint as to the extent of Defendant's obligations relating to the terms of the referenced Guaranty. Defendant denies, however, that the extent of his obligation to tender payment on behalf of UHS is as yet undetermined since the amount claimed is based only on estimates of gross room revenue and not on any accounting or audit of such revenues.

41. Defendant denies the allegation in Paragraph 41 of the Complaint as to the claimed amount due and owing for the same reasons.

Defendant denies the allegation in the unnumbered Paragraph related to its demand for $275,720.99 as due and owing because that claim is based only on an inaccurate estimate of gross room revenues, and is not supported by any audit of UHS's financial information that is supposed to be performed pursuant to the terms of the Franchise Agreement. As such, any demand for interest, attorney's fees, and costs of suit are presumptuous and similarly inappropriate

### V.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Scott Nadel prays that the Court enter an order (1) denying the relief requested in *Plaintiff's Original Complaint,* and (2) granting Defendant such other and further relief to which he may show himself justly entitled.

Dated: December 29, 2021.

Respectfully submitted,

/s/ Scott Nadel
Scott Nadel
Pro Se

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December ___, 2021, a true and correct copy of the foregoing document was forwarded via email pursuant to Bryan P. Couch, Attorney of Record for Plaintiff Wingate Inns International, Inc.

/s/ Scott Nadel
Scott Nadel
Pro Se

https://www.fedex.com/shipping/html/en/PrintIFrame.html

DISTRICT OF NEW JERSEY
RECEIVED
2021 DEC 30 A 11: 36

ORIGIN ID:SCKA
SCOTT NADEL
(601) 299-3722
15853 INDEPENDENCE AVE
LATHROP, CA 95330
UNITED STATES US

SHIP DATE: 29DEC21
ACTWGT: 0.50 LB
CAD: 105818262/INET4400

BILL SENDER

TO CLERK OF THE COURT
US DISTRICT COURT, DISTRICT OF NJ
50 WALNUT STREET #4015
MARTIN LUTHERKING BUILDING&US COURT
NEWARK NJ 07102
(973) 645-3730
REF:
INV:
PO:
DEPT:

THU - 30 DEC 11:30A

FedEx Express

56DJ3/E934/FE4A

TRK# 7756 24
0201

RT 326   2   F
         11:30
FZ          4223
            12.30

FedEx